IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EMMIS OPERATING COMPANY, | ) | Case No. 1:06-cv-0920-LJM-WTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CBS RADIO INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CBS RADIO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO CONTINUE SETTLEMENT CONFERENCE

Defendant CBS Radio Inc. ("CBS Radio"), by counsel, submits this response in opposition to the second Motion to Continue Settlement Conference (Docket No. 46) filed by Plaintiff Emmis Operating Company ("Emmis").

On September 8, 2006, this Court scheduled a Settlement Conference for December 7, 2006, and ordered that:

> A request to vacate or continue the settlement conference shall be done by motion filed with the Court **two weeks** prior to the conference, except in exigent circumstances. Such motion will be granted only for good cause. **Failure to comply with any of the provisions in this order may result in sanctions.** (Emphasis added).

(Docket No. 15). Magistrate Judge Lawrence subsequently reset the Settlement Conference for Monday, December 11, 2006. (Docket No. 19). By agreement of the parties and their counsel, the Settlement Conference was to include claims in a companion arbitration between Emmis and its former employee, Walter Berger.

Without the professional courtesy of any prior notice to CBS Radio or Magistrate Judge Lawrence, Emmis filed a Motion to Continue Settlement Conference on December 8, 2006 (Docket No. 30), less than one business day before the Settlement Conference and in violation of the Court's Scheduling Entry.  After conducting an immediate telephonic conference, Magistrate Judge Lawrence concluded that he had "no choice but to grant the motion to continue" and issued an Order resetting the Settlement Conference for January 30, 2007, at "a gross inconvenience to the defendants and the Court."  (See Entry on Motion to Continue, Docket No. 34).

Emmis' stated reason for seeking a continuance of the January 30th conference was that it had just retained a new counsel, Ice Miller, to replace Barnes and Thornburg, Emmis' original attorneys.  In what could not have come as any shock to Emmis, CBS Radio opposed its Motion to Continue Settlement Conference and advised that Ice Miller had an obvious conflict of interest because it had represented Walter Berger in negotiating the very Employment Agreement that is at the center of this lawsuit and the companion arbitration.  (See Exhibit A to Complaint, Section 14(ii) of Employment Agreement, p. 18).  Berger subsequently instructed Ice Miller to withdraw. (See Exh. 1 to CBS Radio's Motion to Disqualify Plaintiff's Counsel, Docket No. 44).  After Ice Miller refused to withdraw as counsel for Emmis, CBS Radio filed a Motion to Disqualify Plaintiff's Counsel on January 11, 2007.  (See Exh. 2 to CBS Radio's Motion to Disqualify Plaintiff's Counsel).[1]

---

[1] Emmis claims that CBS Radio's Motion To Disqualify precipitated the filing of the present motion. However, on January 3, 2007, more than a week before the Motion To Disqualify was even filed, Emmis advised CBS Radio's counsel that it intended to continue the Settlement Conference.

Emmis argues that the Settlement Conference should not go forward until CBS Radio's Motion to Disqualify is decided and only after it receives written discovery responses from CBS Radio. Emmis cannot have it both ways: It cannot argue that it should not be required to participate in a Settlement Conference because the Court may determine that its counsel has a conflict, yet at the same time claim that it should be permitted to proceed with discovery using this same counsel. Either the Settlement Conference can proceed as this Court ordered or this entire proceeding must be stayed pending a ruling on CBS Radio's Motion to Disqualify Plaintiff's Counsel. This is the basis of a concurrently filed companion Motion to Stay Proceedings Pending a Ruling on Motion to Disqualify Plaintiff's Counsel.

While arguing that the Settlement Conference cannot proceed until the Court resolves the disqualification issue, Emmis argues in the same breath that no conflict exists since Walter Berger has no interest in this lawsuit. CBS Radio's arguments demonstrating the existence of a conflict are set forth in its Motion To Disqualify and accompanying memorandum, and will not be repeated herein. Suffice it to say, however, that Walter Berger obviously has an interest in this lawsuit. As Emmis' own Initial Disclosures make plain, Berger is a central witness in this action, and Emmis has indicated that it intends to elicit testimony from him, including testimony "regarding his employment contract with Emmis." (See Plaintiff Emmis Operating Company's Initial Disclosures, at page 1, attached as Exhibit 1 to Defendant's Memorandum in Support of Its Motion To Disqualify). Berger thus will face questioning from his own prior law firm – now his adversary – on the very agreement that it negotiated on his behalf. Despite Ice Miller's cavalier assertions to the contrary, any testimony elicited from Berger in this case can, and almost certainly will (if possible), be used against him in the companion arbitration.

Emmis further claims that it cannot proceed with the Settlement Conference because CBS Radio has not responded to its written discovery requests. This Court already addressed the issue of CBS Radio's responses to Emmis' discovery requests when it granted CBS Radio's Motion for Third Extension of Time to Object and/or Respond to Written Discovery Requests. (Docket No. 42). The Magistrate Judge contemplated, and clearly communicated, his desire that the parties limit their initial discovery to Rule 26 disclosures and forego additional formal discovery until and unless the Settlement Conference proved unsuccessful. If Emmis had any objection to the Magistrate Judge's recent Order, it should have filed a timely objection pursuant to Fed. R. Civ. P. 72(a). Moreover, despite the fact that CBS Radio has fully complied with its Rule 26 disclosure obligations, Emmis has not provided even the most basic documents regarding its claims, including documents reflecting the moving expenses of its new CFO, as well as documents regarding the compensation of both its new CFO and its interim CFO. Nor has it provided any explanation for its failure to provide this information, despite CBS Radio's repeated requests for such documentation.

CBS Radio strongly objects to Emmis' Motion to Continue Settlement Conference. This is the second time that Emmis has belatedly sought a continuance. Having hired counsel that it knew previously represented Walter Berger in his contract negotiations, Emmis should not now be granted its requested relief for a situation that is entirely of its own making.

Nonetheless, Emmis has made it clear that it objects to the negotiation of a global settlement despite the parties' prior agreement to the contrary, and it has unabashedly indicated that it will not participate in any settlement discussions in good faith. CBS Radio contemplates bringing out-of-state representatives to the Settlement Conference – the same out-of-state representatives who were forced to cancel long-scheduled plans the first time. While CBS Radio

is prepared to proceed, given that Emmis has made clear that it does not intend to negotiate in good faith, CBS Radio reluctantly agrees the Settlement Conference should be continued, since as this Court has aptly stated before, "having it go forward knowing that it was pointless to do so would be an even bigger waste of everyone's time." (Docket No. 34).

    Respectfully submitted,

    LOCKE REYNOLDS LLP

    By: /s/ Thomas L. Davis
       Thomas L. Davis, #4423-49
       James Dimos, #11178-49
       Joel E. Tragesser, #21414-29
       Attorneys for Defendant, CBS Radio Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**G. Daniel Kelley**
**Michael A. Blickman**
**Scott D. Matthews**
ICE MILLER
daniel.kelley@icemiller.com
michael.blickman@icemiller.com
scott.matthews@icemiller.com

                                                /s/ Thomas L. Davis

LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:    317-237-3900
tdavis@locke.com
jdimos@locke.com
jtragesser@locke.com

8149941